# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

ROBERT RUTLEDGE and
CAROL BARCLAY,

                 Plaintiffs,

v.                                                 CIVIL ACTION NO. 5:19-cv-00217

FRONTLINE ASSET STRATEGIES, LLC,

                 Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are Plaintiffs' Motion to Remand [Doc. 7] and Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand and Defendant's Motion to Amend Notice of Removal [Doc. 20].[1] The matter is ready for adjudication.

### I.

On August 10, 2018, Plaintiffs filed suit in the Circuit Court of Raleigh County against Frontline Asset Strategies, LLC ("Frontline") alleging violations of the West Virginia Consumer Credit and Protection Act (the "WVCCPA") [Doc. 1-1]. The complaint contained a clause limiting the damages of each Plaintiff to $75,000 [Doc. 1-1 at 15]. On March 1, 2019, Plaintiffs "submitted to counsel for [Frontline], an offer to compromise, demanding $1,985,430.00, which far exceeds $75,000.00." [Doc. 1 at 2]. On March 25, 2019, Frontline removed the action

---

[1] Also pending are the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 9] and the Defendant's Motion to Compel Arbitration Pursuant to the Federal Arbitration Act [Doc. 10

on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) [Doc. 1]. Then, on April 22, 2019, Plaintiffs moved to remand.

Plaintiffs contend that removal was improper for two reasons. First, Plaintiffs assert that the jurisdictional amount is not met inasmuch as the claims of the putative class plaintiffs cannot be aggregated because the claims do not arise from a common and undivided interest. And, without aggregation, no individual claim exceeds the jurisdictional threshold. Second, Plaintiffs contend that Frontline should not be permitted to amend its notice of removal to reframe its jurisdictional allegations. Specifically, Plaintiffs contend that the notice of removal omits mention of the Class Action Fairness Act ("CAFA"), which might have been offered as an alternative basis for jurisdiction pursuant to 28 U.S.C. § 1332(d). Plaintiffs assert this omission precludes amendment and requires remand.

Frontline, in turn, moves to amend its notice of removal to include CAFA allegations. It contends the oversight was a mere technical error correctable now. The proposed amendment adds several references to CAFA [Doc. 20-1] amounting to nearly a full page of additional allegations. Notably, at the point where the notice of removal exclusively referenced the $75,000 amount in controversy requirement of § 1332(a), the proposed amendment includes extensive allegations reciting the $5,000,000 amount in controversy requirements of CAFA.

II.

A.  Jurisdiction Under 1332(a)

Binding precedent reflects that, "In a class action with diversity jurisdiction upon separate and distinct claims by two or more plaintiffs, the determination of the amount in controversy is based upon each plaintiff's claims and not upon the aggregate" unless the class

2

members "unite[] to enforce a single title or right in which they have a common and undivided interest." *Glover v. Johns-Manville Corp.*, 662 F.2d 225, 231 (4th Cir. 1981); *see also Snyder v. Harris*, 394 U.S. 332, 335 (1969).

The Plaintiffs' claims do not give rise to the non-aggregation exception. They each assert an individual right to relief based on Frontline's putative violations of the WVCCPA. Each alleged violation arises out of a specific act by Frontline against a specific putative class plaintiff on different occasions. As the claims cannot be aggregated, at least one plaintiff's claims must exceed the $75,000 threshold. Frontline has not demonstrated as much by a preponderance of the evidence. Accordingly, the Court concludes that it lacks jurisdiction under § 1332(a).

B. Amendment

Subject matter jurisdiction thus turns on whether Frontline may amend its notice of removal to include the rather sinewy CAFA allegations.

Under 28 U.S.C. § 1441, a defendant may remove where the district court could exercise original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). Section 1446(a) provides thirty days for a defendant to file a "short and plain statement of the grounds for removal." *Id.* § 1446(a). During this thirty-day window, a defendant generally may amend the notice of removal. *See Muhlenbeck v. K.I., LLC*, 304 F. Supp. 2d 797, 799 (E.D. Va. 2004) (noting that, "during that thirty-day removal period, a defendant seeking removal generally has the right to amend its removal petition to include either missing or imperfectly stated grounds"). But, "after thirty days, . . . Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014). Indeed, the wholesale omission of a jurisdictional basis may not be corrected through a motion to amend after the time for removal

3

has passed. *See, e.g.*, *id.* (denying leave to amend that would add a separate basis of federal question jurisdiction that was not originally alleged); *AEA v. Volvo Penta of the Ams., LLC*, 77 F. Supp. 3d 481, 487–88 (E.D. Va. 2016) (denying leave to amend notice of removal that originally alleged only maritime jurisdiction to include separate federal question jurisdiction because this was a "new allegation[] of a jurisdictional basis"); *Covert v. Auto. Credit Corp.*, 968 F. Supp. 2d 746, 749–50 (D. Md. 2013) (denying leave to amend where "Defendant did not merely make a defective allegation; it utterly failed to allege a jurisdictional fact, namely that the size of the putative class is greater than 100 persons").

Frontline's proposed amendments referring to CAFA supply entirely new allegations of an entirely different jurisdictional genre. *See Wood*, 764 F.3d at 323. The original notice of removal makes no reference to CAFA or its requirements. Indeed, the original notice addresses only the requirements of § 1332(a). Frontline thus seeks to allege a new basis for jurisdiction that was absent from its original notice. The proposed amendment is improper, and remand is warranted.

Accordingly, the Court **ORDERS** that Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand and Defendant's Motion to Amend Notice of Removal [**Doc. 20**] be **DENIED** and Plaintiffs' Motion to Remand [**Doc. 7**] be **GRANTED**. The Court further **ORDERS** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [**Doc. 9**] and Defendant's Motion to Compel Arbitration Pursuant to the Federal Arbitration Act [**Doc. 10**] be **DENIED AS MOOT**. The Court **REMANDS** this action to the Circuit Court of Raleigh County.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Raleigh County.

ENTERED: December 17, 2019

Frank W. Volk
United States District Judge